[No. 34401. Department One. July 9, 1959.]

HAROLD R. CAIN et al., Respondents, v. ANITA DOUGHERTY, et al., Appellants.[1]

[1]Reported in 341 P. (2d) 879.

*Frederick B. Cohen* and *John E. Bowen,* for appellant Dougherty.

*Leon L. Wolfstone, Arthur E. Piehler,* and *Barbara Ohnick,* for appellants Vogtlin.

*O'Leary, Meyer & O'Leary, Walsh & Margolis,* and *Jerome L. Jager,* for respondents.

HUNTER, J.—This action involves a collision between a moving and a parked vehicle on a public highway. The facts in so far as essential to a determination of this appeal are as follows:

Anita Dougherty and Loy Vogtlin are sisters. On the afternoon of October 24, 1953, they left their respective homes in Bremerton in Anita Dougherty's 1947 Ford automobile, which she was driving, for the summer cabin of Loy Vogtlin and her husband. The cabin was located south of Bremerton on Hood Canal between Belfair and Union on state highway No. 14. The purpose of the trip was to fish for smelt. They were accompanied by Mrs. Dougherty's eight-year-old daughter Nugget and her nine-year-old girl friend. They arrived at the Vogtlin cabin between three and four o'clock in the afternoon. Driving in a southerly direction, Mrs. Dougherty pulled her car off the right side of the road in the area of the steps leading down to the Vogtlin cabin where she stopped. She made certain inquiries of her sister concerning the parking of the automobile, which appears in the record.

Mrs. Dougherty testified as follows:

"Q. But you do definitely recall that she [Loy Vogtlin] walked around? A. I definitely do, because I wanted her to check to be sure that I had plenty of room to park there, also. Q. What do you mean, you wanted her to check? Did you ask her to check? A. Why, sure, I asked her to. Q. And what did she say? A. Why, yes, I had plenty of room. . . ."

Mrs. Loy Vogtlin testified:

"A. Well, she doesn't come out there very often, so I said, 'Let's see if the car is parked well off of the blacktop.' So we got out of the right-hand side of the car and walked along the shoulder, and walked behind the car and out the left-hand side, and found that our car was two feet off of the blacktop, on, oh, well on to the shoulder. . . ."

Mrs. Vogtlin further testified:

"A. Yes, I walked around the right side of the car and to the back of the car and looked. I did not walk out on the highway to look. Q. Then you assured Mrs. Dougherty the car was parked properly? A. As I do everyone who goes out there and parks; that is my habit. . . ."

The car was not thereafter moved until the time of the collision.

Upon their return to the car later that evening, Mrs. Dougherty was unable to find her keys. The minor girls entered the back seat while she and her sister returned to the beach. Failing to find the keys there, they returned to the car, where, according to Mrs. Dougherty's testimony, she looked for the keys in her purse by the lights of the dashboard. She further testified that when the dashboard lights are turned on, the parking lights and taillights also come on. During the search there for the keys, her car was struck in the rear by a 1947 Buick Sedanette driven by Harold R. Cain.

Harold R. Cain and Neva Cain, his wife, were returning from Belfair, where they had been shopping, to their home in Union. They left Belfair at 6:30 p. m. It was dark, and Mr. Cain, driver of the car, testified that he left his lights on dim due to the many approaching cars; that they were traveling between 40 and 45 miles per hour; that just before rounding a left curve in the highway he was blinded by the bright lights of another car coming from the opposite direction; that on rounding the curve without slackening his speed, and traveling 8 to 10 inches from the right edge of the blacktop, his car struck the left-rear of the Dougherty car. He further testified that he did not see the taillights on the Dougherty car or the

fluorescent strip along the rear bumper. Mrs. Cain testified that she observed the Dougherty car just prior to the collision parked about a foot onto the blacktop of the roadway.

The Cains brought this action against Anita Dougherty, and Mrs. Loy Vogtlin and her husband, for damages to the car and for personal injuries. Defendants answered denying their negligence, alleging the defense of contributory negligence, and by cross complaint seeking recovery for damages to Mrs. Dougherty's car and for personal injuries to Mrs. Vogtlin. The jury awarded damages to the plaintiffs against all the defendants in the amount of $18,025. Judgment was entered thereon from which the defendants appeal.

Prior to this appeal, respondents made a motion in this court to strike the brief of appellant Anita Dougherty and to dismiss her appeal, for the reason that her brief was filed late without permission of this court, six months after the last day allowed for filing of an appellant's brief. The motion to strike the brief was granted, but the appeal was not dismissed. Respondents now contend that the judgment of the trial court must be affirmed in accordance with Rule on Appeal 41(4), 34A Wn. (2d) 43, and Rule on Appeal 43, 34A Wn. (2d) 17, as amended, effective January 2, 1953, which provide:

Rule 41(4): "If the appellant fail to file a brief, an affirmance will be directed. . . ."

Rule 43: "No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. . . ."

■ There being no brief or assignments of error by appellant Dougherty before us for our consideration, and there appearing to be substantial evidence in the record to support the jury verdict, the judgment of the trial court as to Anita Dougherty must be affirmed.

It is only necessary to consider one assignment of error made by appellants Vogtlin, as that assignment is determinative of this appeal. This assignment is to the trial court's failure to grant appellants' motion for judgment,

notwithstanding the verdict, on the grounds of insufficiency of the evidence or, in the alternative, a motion for a new trial.

Appellants Vogtlin contend that no duty of care may be imposed upon Mrs. Loy Vogtlin in the parking of the automobile, as she was only an occupant and guest, and that the evidence is insufficient to establish a *prima facie* case against these appellants.

The respondents argue the issue is whether or not an occupant of an automobile, who aids and assists in the improper parking of the automobile and fails to warn oncoming cars, is liable for damages proximately resulting therefrom. They rely on 4 Restatement, Torts, 435, § 876, cited in *Thomas v. Casey,* 49 Wn. (2d) 14, 297 P. (2d) 614 (1956), which reads as follows:

" 'For harm resulting to a third person from the tortious conduct of another, a person is liable if he

" '(a) orders or induces such conduct, knowing of the conditions under which the act is done or intending the consequences which ensue, or

" '(b) knows that the other's conduct constitutes a breach of duty and *gives substantial assistance or encouragement* to the other so to conduct himself, or

" '(c) *gives substantial assistance* to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.' " (Italics ours.)

The applicability of these rules turns upon the facts of each particular case.

Under the law of this state, the duty to park a car in accordance with the statutory requirements is upon the driver. RCW 46.48.290. The duty of appellant Mrs. Vogtlin was only that which may be imposed upon a third person. The instant case does not involve the duty of a guest or occupant in the car. The car here had come to a stop, and Mrs. Vogtlin was out of the car and was no longer an occupant when she made her observation and gave her expression of opinion to the driver. There was no physical assistance; no signaling, pointing, or any directions given by Mrs. Vogtlin which were followed by

the driver. The asserted assistance in the parking was nothing more than a visual examination and a statement of what Mrs. Vogtlin observed, coupled with an expression of opinion of assurance that the car was satisfactorily parked. There was no requirement of the driver to agree with the judgment of Mrs. Vogtlin, nor do we know that she relied on the judgment of Mrs. Vogtlin, rather than her own, having made her own inspection. We do not believe that the assistance afforded the driver in parking the car in this case arises to the degree of *substantial assistance*. The assistance goes no further than an expression of an opinion which Anita Dougherty may or may not have relied upon at her own peril, she alone having the statutory obligation to properly park the vehicle under her control.

The facts before us do not bring the appellant within the rule as contended by the respondents. The respondents failed to establish a *prima facie* case of negligence against the appellants Vogtlin. The court erred in denying the appellants' motion for judgment, notwithstanding the verdict. Vogtlins' cross-complaint against the respondents, however, should be dismissed for the reason that the issue of respondents' negligence was considered under appropriate instructions, and respondents' freedom from negligence is inherent in the verdict.

The judgment of the trial court is affirmed as to the appellant Anita Dougherty, and is reversed and the cause remanded as to the appellants Vogtlin, with direction that an order be entered dismissing the action against these appellants and dismissing their cross-complaint against the respondents. The appellants Vogtlin shall recover their costs on appeal from the respondents. The respondents shall be allowed costs against the appellant Dougherty. It is so ordered.

WEAVER, C. J., DONWORTH, ROSELLINI, and OTT, JJ., concur.