232 A.2d 396.

SHARON BUSZTA, *p.a. vs.* ALBERT SOUTHER *d.b.a.* AL'S ATLANTIC SERVICE STATION.
EDWARD BUSZTA *vs.* ALBERT SOUTHER *d.b.a.* AL'S ATLANTIC SERVICE STATION.

AUGUST 4, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. These actions of trespass on the case were brought by the minor plaintiff and her father for personal injuries and consequential damages, respectively, resulting from the alleged negligence of the defendant. In each case, the superior court sustained the defendant's demurrer to the declaration. The plaintiffs are before us on their respective exceptions taken to the action of the trial justice. Since recovery in the father's case depends upon the defendant's liability to the minor daughter, we shall treat the cases as if only the minor's case were being considered by this court, however, our conclusion will be applicable in both cases.

While the ruling we are reviewing was made prior to the effective date of the new rules of civil procedure of the superior court, we will treat this appeal as being within the purview of the new rules. *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582. Accordingly we shall employ their terminology. The plaintiff's declaration shall be considered as a complaint filed under rule 8 (a) and defendant's demurrer as a motion to dismiss for failure to state a claim upon which relief can be granted, filed pursuant to rule 12 (b)(6).

In June, 1963, plaintiff's employer had taken his automobile to defendant's service station for the purpose of having it inspected and examined in compliance with the pertinent provisions of P. L. 1958, chap. 149, sec. 1.[1] The defendant had been authorized by the registry of motor vehicles to make such inspection and to issue a certificate of inspection and approval which attested to the fact that defendant had inspected the automobile and found its equipment to be in good condition and proper adjustment. This certificate is issued in the form of a sticker which is usually placed in a prominent position on the automobile's windshield. The parties in their brief agree that defendant placed such a sticker on the motor vehicle of plaintiff's employer. Thereafter, on July 5, 1963, plaintiff was driving

[1] "'Sec. 31-38-4. *Registrar to require periodical inspection.*—(a) On and after January 1, 1959, the registrar of motor vehicles shall at least once each year. but not more frequently than twice each year, require that every vehicle, trailer, semi-trailer and pole trailer registered in this state be inspected and that an official certificate of inspection and approval be obtained for each such vehicle, provided, however, that he shall not require inspection of any such vehicle less than one year old.

"Such inspections shall be made and such certificates obtained with respect to the mechanism, brakes and equipment of every such vehicle as shall be designated by the registrar of motor vehicles. * * *' "

" 'Sec. 31-38-5. *Appointment of official inspection stations.*—(a) For the purpose of making inspections and issuing official certificates of inspection and approval as provided herein, the registrar of motor vehicles shall issue permits for and furnish instructions and all necessary forms to official inspection stations for the inspection of vehicles as herein required and the issuance of official certificates of inspection and approval. * * *.' "

" 'Sec. 31-38-6. *Operation of official stations.*—(a) No permit for an official station shall be assigned or transferred or used at any location other than therein designated and every said permit shall be posted in a conspicuous place at the location designated.

(b) The person operating an official inspection station shall issue a certificate of inspection and approval upon an official form to the owner of a vehicle upon inspection of such vehicle and determining that its equipment required under the provisions of this chapter is in good condition and proper adjustment, otherwise no certificate shall be issued. A record and report shall be made of every inspection and every certificate so issued. * * *' "

her employer's automobile when it was involved in a collision which, she alleges, was caused by the defective condition of its brakes. As a result of this incident, plaintiff was injured. The plaintiff, in her two-count declaration wherein she is seeking damages for her injuries, alleged that she, in operating the vehicle in question, had relied on the inspection certificate placed thereon by defendant. She alleged that defendant was negligent in making the inspection in that he should have discovered the defective condition of the brakes and warned her of this defect.

In announcing his decision, the superior court justice stated that defendant owed a duty to use due care to the owner of the car and to no one else. The doctrine of privity, he held, negated any duty or obligation being owed by defendant to plaintiff since she was not a party to the agreement made by defendant with the owner to inspect his motor vehicle.

The issue raised in this appeal can be briefly stated: Is there a duty owed to anyone but the owner by an individual who being duly licensed by the state of Rhode Island undertakes at the owner's request to inspect his motor vehicle under the appropriate provisions of the motor vehicle code? We believe that there is.

It is true, as the superior court observed, that there is no privity of contract between plaintiff and defendant but we think the doctrine of privity is inapposite here. Privity has long been used by defendants in negligence cases as a shield to protect them from any tort liability which is based upon a contractual obligation. However, since *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 111 N.E. 1050, if we may quote a later expression from its author, Mr. Chief Justice Cardozo, "The assault upon the citadel of privity is proceeding in these days apace."[2] In the years that have followed *MacPherson*, this court has seen fit in certain negli-

---

[2] *Ultramares Corp.* v. *Touche*, 255 N.Y. 170, 180, 174 N.E. 441, 445.

gence actions to disregard the doctrine of privity. See *Mc-Caffrey* v. *Mossberg & Granville Mfg. Co.*, 23 R. I. 381, 50 A. 651 (liability of a manufacturer of an imminently dangerous product); *Minutilla* v. *Providence Ice Cream Co.*, 50 R. I. 43, 144 A. 884 (liability of a maker of food for human consumption); *Rampone* v. *Wanskuck Buildings, Inc.*, 102 R. I. 30, 227 A.2d 586 (liability of landlord to tenant and other persons properly on premises for failure to abide by his covenant to repair the premises). In the instant case we focus our attention on another facet of one's everyday experiences where the doctrine of privity still remains an obstacle to recovery of what otherwise may be properly due an individual.

The defendant in seeking to sustain the trial justice's rulings that plaintiff's lack of privity is fatally defective to her maintaining the suit, cites *Swenson* v. *Nairn,* 21 N.J. Misc. 70, 30 A.2d 897, as expressing a general principle of law that where a duty violated was created solely by contract, any cause of action arising out of such a violation is limited strictly to the parties to the contract and to those in privity with them. Although this rule is a valid proposition of law, we feel that it is not particularly pertinent to this appeal. In *Swenson* the court promulgated another well-settled principle of law which we believe is more germane to the issue before us. Regarding this rule, the court said at page 74, *supra,* 30 A.2d 899:

> "No privity of contract is necessary, however, to sustain an action in tort by an individual specially injured by an act or omission constituting a breach of contract where it also constituted an invasion of the legal right of, or the violation of a legal duty owed to, the plaintiff, independently of or concurrently with the contract."

It is our opinion that where a party to a contract undertakes to render a service or perform an obligation and the circumstances involved in the undertaking make it clear that there is an obvious and unreasonable risk of harm or

injury to outsiders if he does not exercise due care in fulfilling the contract, an obligation arises *by law* and is imposed upon the contracting party to exercise that amount of care and skill reasonably required by the facts and commensurate with the risk presented. Prosser, Torts (2d ed.), §85, p. 514; *Hudson* v. *Moonier* (CCA 8th), 102 F.2d 96 (cert. den. 1939, 307 U. S. 639, 59 S.Ct. 1037); *Zatkin* v. *Katz,* 126 Conn. 445, 11 A.2d 843; *Bollin* v. *Elevator Constr. & Repair Co.,* 361 Pa. 7, 63 A.2d 19; *Van Winkle* v. *American Steam Boiler Co.,* 52 N. J. L. 240, 19 A. 472.

We can perceive no difference between defendant who agreed to inspect the employer's automobile and one who might have agreed to repair the vehicle. It has been held that a person who contracts to make repairs must exercise reasonable care in doing so, and although elements of contract may be involved, the repairer is liable in tort to third persons for injuries to such persons which are attributable to negligently made repairs. *Smith* v. *Roberts,* Ky. , 268 S.W.2d 635; 5A Personal Injury, Frumer, Friedman and Pilgrim (1966 Cumulative Supp.) §1, pp. 415-416. This rule is in accord with the modern view as expressed in the Restatement, Torts 2d, §324 A.[3] It properly places the burden of making financial recompense upon the party whose negligence caused the injury.

The Pennsylvania supreme court has considered the lia-

---

[3]"§324 A.

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

bility of one who undertakes to inspect an individual's equipment to a third person who subsequently uses the equipment. In *Evans* v. *Otis Elevator Co.*, 403 Pa. 13, 168 A.2d 573, the court found the defendant was liable to a third party who was injured as a result of a negligent inspection notwithstanding the absence of privity between plaintiff Evans and the defendant Otis Elevator Co.

On the issue of privity, the court said at page 18, *supra*, 168 A.2d 575,

" * * * However, a party to a contract by the very nature of his contractual undertaking may place himself in such a position that the law will impose upon him a duty to perform his contractual undertaking in such manner that third persons—strangers to the contract—will not be injured thereby * * *. It is not the contract per se which creates the duty; it is the law which imposes the duty because of the nature of the undertaking in the contract. If a person undertakes by contract to make periodic examinations and inspections of equipment, such as elevators, he should reasonably foresee that a normal and natural result of his failure to properly perform such an undertaking might result in injury not only to the owner of the equipment but also to third persons, including the owner's employees * * *."

We heartily concur in this statement. The right to use the highways of this state must be exercised in such a manner so that the lives and property of others will not be imperiled. The general assembly, in its efforts to promote highway safety and reduce the shocking repeated instances of injuries, death and property damage which have been attributable to malfunctioning and improperly equipped motor vehicles, enacted legislation making it mandatory that all motor vehicles, except a so-called new car, undergo at least one inspection annually to determine that such vital equipment as the brakes are, at least on the day of the inspection, in proper working order. The defendant applied for and received approval to have his service fa-

cility designated as an official inspection station. As an operator of such an establishment, defendant was under a duty to perform his contract of inspection with reasonable care. Similarly, we think it proper to hold that he should reasonably foresee that a negligent inspection of an automobile could result in harm and injury to not only the owner but to others, including his family and anyone driving this vehicle with the permission of the owner. To permit the doctrine of privity to insulate a careless inspector from any liability in tort to those injured as a proximate cause of his negligent behavior would serve only to frustrate the obvious legislative intent which we have already described. Privity shall not be allowed as an immunizing agent which it would be if we were to countenance its invocation by defendant here.

By our decision we have removed from consideration the doctrine of privity which had precluded plaintiff from pursuing her suit. In *Bragg v. Warwick Shoppers World, Inc., supra,* we said that in testing the sufficiency of a complaint against a motion to dismiss under 12(b) (6) of the new rules of civil procedure, it must appear clear beyond a reasonable doubt that plaintiff cannot conceivably prove a set of facts in support of her claim which would entitle her to relief.[4] Viewing the complaint in light most favorable to plaintiff, we are not convinced that she will be unable to prove such facts as will constitute a valid claim for relief. 1A Barron & Holtzoff, §356, p. 363.

It is to be understood that we are not passing on the merits of the plaintiff's claim, but only on the sufficiency of her complaint to survive a motion to dismiss. Having ruled that her complaint does survive, it is now incumbent upon the plaintiff to prove in a trial court the truth of her allegations by a preponderance of the evidence.

---

[4]The supreme court has endorsed this interpretation of 12(b) (6) for the federal court in *Conley v. Gibson,* 355 U. S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80.

In each case the plaintiff's exception is sustained, and each case is remitted to the superior court for further proceedings.

*Raul L. Lovett,* for plaintiffs.

*Francis V. Reynolds, John D. Biafore,* for defendant.