268 So.2d 452 (1972)
John A. HENSLEY, Appellant,
v.
SEMINOLE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 70-925.
District Court of Appeal of Florida, Fourth District.
November 2, 1972.
Michael C. Maher, of Maher & Carter, Orlando, for appellant.
W.L. Kirk, Jr., of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellee.
WALDEN, Judge.
Plaintiff's amended complaint was dismissed with prejudice. He appeals. We affirm.
This case involves an application of Sections 325.29 and 768.15, F.S. 1969, F.S.A., and appears to be a matter of first impression.
*453 Plaintiff's wife and children were killed in a one car accident which was attributed to defective brakes. Sometime previously plaintiff had the vehicle inspected and approved at the Seminole County Inspection Station, pursuant to the provisions of Section 325.12, F.S. 1969, F.S.A.
Plaintiff seeks to fasten liability upon the defendant, Seminole County. His pleaded theory is that defendant's employees were negligent in failing to discover the defective brakes during the course of the statutory inspection. He feels there was a breach of an owed duty which proximately caused the accident and deaths.
The two critical statutes provide:
"325.29 Inspection not to constitute a warranty of mechanical condition.  The inspection of any motor vehicle and the issuance of an inspection certificate of such inspection under the provisions of this part shall not be construed in any court as a warranty of the mechanical condition of such motor vehicle. No inspector or inspection station inspecting a motor vehicle and issuing an inspection certificate of such inspection under the provisions of this part shall be liable in damages for any defect in or failure or improper functioning of any item of equipment on such motor vehicle occurring subsequent to such inspection." (Emphasis supplied.)
"768.15 Torts by public officers and employees. 
"(1) Waiver of immunity.  The state, for itself and its counties, agencies, and instrumentalities, waives immunity for liability for the torts of officers, employees, or servants committed in the state. The state and its counties, agencies, and instrumentalities shall be liable in the same manner as a private individual, but no action may be brought under this section if the claim:
* * * * * *
"(c) Arises out of the issuance, denial, suspension, or revocation of, or by the failure to issue, deny, suspend, or revoke, a permit, license, certificate, approval, order, or similar authorization; ..."
We hold that the provisions of these statutes, singly and in combination, absolutely stand as a bar to plaintiff's suit. To us the language is plain and unambiguous and conveys a clear and definite meaning. The Legislature simply provided that the government is immune from such claims and that plaintiff cannot maintain his suit. Under these circumstances the appeal is determined as there is no room for construction or need for interpretation. 30 Fla.Jur., Statutes, § 74.
Even if there were an ambiguity which would leave room for a construction and a seek out of legislative intent, we would reach the same result. We are persuaded from a reading of Chapter 325, as a whole, that the inspection provisions were intended to contribute to the elimination of traffic accidents and deaths in the interest of public health, safety and welfare as applied to the entire populace and all motor vehicular traffic. We do not think it encompassed a small design to simply create an additional cause of action to individual claimants. To approve plaintiff's approach would be to reach an undesirable and unjust consequence as concerns the State (tax paying public). It would punish and burden the government for its wholesome and beneficial effort to promote traffic safety. It would inhibit, if not destroy, the inspection program if each post inspection vehicular defect furnished a predicate for suing the government. We believe these factors were in mind when the Legislature enacted the above mentioned provisos holding the state immune and free from claim.
In light of the certain and all encompassing language of Section 325.29, F.S. 1969, F.S.A., supra, we simply reject plaintiff's argument that it only bars breach of warranty suits and not negligence suits.
Defendant cites Buszta v. Souther, d/b/a Al's Atlantic Service Station, 102 R.I. 609, 232 A.2d 396 (1967), and urges *454 we follow that case. Rhode Island had a statute similar to Florida's, which provided for periodic (yearly) inspection of motor vehicles. A minor and her father, the owner of the car, sued the inspecting service station operator for his alleged negligent inspection of the auto resulting in injuries to the minor. The operator certified the equipment to be in good condition. The minor was allegedly injured due to the defective brakes. The trial court dismissed the complaint for failure to state a cause of action. The Rhode Island Supreme Court held that, despite the lack of privity between the minor and the inspector, the minor did have a cause of action.
The important distinction between Buszta and this case is that Rhode Island did not have a statute comparable to Section 325.29, F.S. 1969, F.S.A. which precludes liability on the part of the inspector or inspection station. The State of Florida has specifically chosen to shield inspection stations; therefore, Buszta is inapplicable.
The order appealed is affirmed.
CROSS, J., and MUSZYNSKI, B.C., Associate Judge, concur.