NESBITT, Judge.
The question before us is whether the Legislature has, by the adoption of Section 325.29, Florida Statutes (1977), withdrawn inspectors and inspection stations from the waiver of immunity effected by the adoption of Section 768.28, Florida Statutes (1977). Finding that it has, we affirm the order which dismissed the appellant’s plaintiff below, complaint with prejudice.
Plaintiff alleged that the decedent died from carbon monoxide poisoning resulting from a malfunctioning vehicle which had been negligently inspected by an inspection station maintained by Metropolitan Dade County. The vehicle inspection occurred on February 1, 1979 and on February 14, 1979 the decedent met his death as a result of breathing the lethal fumes emitted from the vehicle.
Appellant’s first contention is that Sections 768.28 and 325.29, Florida Statutes (1977) may not co-exist. She argues that Section 768.28, Florida Statutes (1977), which initially became effective January 1, 1975, impliedly repealed Section 325.29, Florida Statutes (1977) which was then in effect. We will not determine that question because, assuming arguendo that such implied repeal occurred, the revisor’s bill, Section 11.2421, Florida Statutes (1977), reenacted Section 325.29 and both statutes have continually been re-enacted through the present time.[1]
Appellant’s next contention is that her complaint, which sought to set forth a cause *22 of action in negligence, was improperly dismissed because Section 325.29 only purports to waive immunity of inspectors and inspection stations with respect to contractual immunity. Consequently, she reasons that Section 768.28, which waives sovereign immunity for the state and its agencies with respect to tort liability, would nonetheless control. We disagree. As we read the plain language of Section 325.29, inspectors or inspection stations engaged in inspecting motor vehicles are simply not “liable in damages for any defect in or failure or improper functioning of any item of equipment on such motor vehicle occurring subsequent to such inspection.” In Hensley v. Seminole County, 268 So.2d 452 (Fla.4th DCA 1972), that court, construing the predecessor waiver of immunity statute, likewise rejected the contention that Section 325.29 only bars breach of warranty actions rather than negligence actions.
We find no impediment to the simultaneous and harmonious co-existence of Sections 325.29 and 768.28, Florida Statutes (1977). Under Article X, Section 13 of the Florida Constitution, the Legislature may generally withdraw the sovereign immunity of the state and its agencies and then make exceptions from that waiver.
Affirmed.

. Section 325.29 has been continually re-enacted without modification since its original enactment on July 1, 1967 by Chapter 67-307, Laws of Florida. Section 768.28 has been modified *22 since its inception; however, those parts pertinent to this appeal remain essentially unchanged. See, Chs. 73-313 § 1; 74-235 § 1; 77-86 §§ 1-3; 79-139 § 9; 79-253 § 1; 79-400 § 284; 80-271 § 1, Laws of Fla.