Richard James HALE, Plaintiff and Appellant,

v.

ALLSTATE INSURANCE COMPANY and State Farm Mutual Automobile Insurance Company, Defendants and Respondents.

No. 17399.

Supreme Court of Utah.

Dec. 29, 1981.

Anthony M. Thurber, Don J. Hanson, Salt Lake City, for Hale.

Robert W. Miller, Salt Lake City, for Allstate.

Ray H. Ivie, Provo, for State Farm Mutual.

CHRISTOFFERSEN, District Judge:

This is an appeal from two orders of dismissal entered by the trial court. It involves two separate cases at the trial court level: one involving the defendant, Allstate, and one involving the defendant, State Farm. This appeal combines the orders of dismissal for both cases. We affirm and award costs to defendants.

The plaintiff in this action was a driver of an automobile owned by his father which was involved in a collision with a motorcycle near St. George, Utah, on December 14, 1977, causing injury to its rider, one Kelly McFarland. As a passenger in the vehicle was one Boyd Bundy, a minor. Defendant, State Farm, had issued an automobile policy to William and Elijan Bundy, parents of Boyd Bundy. There was another passenger, Liza LaBass, a minor daughter of Elsie LaBass, to whom State Farm had issued an automobile policy. In addition, another passenger was one Evan Jones, a minor. Defendant, Allstate, had issued an automobile policy to Dee Jones, who is the father of Evan Jones.

The plaintiff filed an action for Declaratory Judgment in separate actions against both defendant insurance companies, seeking a judgment declaring whether, and in what order, the plaintiff is covered for his liability arising from said accident under the relevant policies written by the defendant insurers. State Farm will be addressed first.

■ Plaintiff seeks to extend insurance coverage under the two State Farm policies to include coverage for himself for liability purposes. It is the position of the plaintiff, under the policy provisions of State Farm when a relative of a named insured occupies an automobile not owned by the insured, that the driver of the vehicle becomes insured for liability, and is, therefore, covered by the State Farm policy for any liability he may incur during such use or occupancy by a State Farm insured. The plaintiff's position, while intriguing, certainly strains the policy provisions beyond its contents, and beyond any reasonable interpretation of the language therein. Plaintiff cites a policy provision that appears as follows:

*Insured* means:

(a) the first person named in the declaration or,

(b) that person's spouse or the relative of either, and

(c) any person or organization not owning or hiring such automobile, but only with respect to his or her or its liability for the use of such automobile by an insured in (a) or (b) above.

Obviously the plaintiff does not meet with the definitions under subsection (a) or (b). It is apparently the plaintiff's position that he does come under (c). The plaintiff cites another provision of the policy which is in fact an exclusion of liability coverage, and which states as follows:

While used in any other business or occupation, except a private passenger automobile operated or occupied by the first person named in the declarations, his or her spouse or any relative of either;

Another provision, which is an exception to the above exclusion, states as follows:

except a private passenger automobile operated or occupied by the (named insured) or any relative.

Plaintiff contends that exclusion excepts him as a non-owner driver, and thereby makes him an insured because the private passenger automobile was occupied by a relative of a named insured.

Plaintiff does not meet the definition of being a driver of a non-owned vehicle, as a policy provision defines such as one not:

Owned by, registered in the name of, or furnished or available for the frequent or regular use of the named insured, spouse or any relative.

The vehicle involved in the instant case is not a non-owned vehicle under the above-stated definition. Even if it were regarded as a non-owned automobile, plaintiff is not to be considered a covered driver of a non-owned vehicle under the terms of the policy. Obviously, the automobile was furnished to the plaintiff by his father for his use. The policy extends coverage only to the named insured, the spouse of the named insured and the relative of each. Coverage is extended to an independent third person for the purposes of liability only where a non-owned automobile is used by the named insured, spouse or relative. To extend the use of the automobile to the two minor passengers extends the definitions of use clearly beyond the contemplation of the terms of the policy.

It would appear that the lower court correctly concluded the interpretation that the plaintiff attaches to the insurance policy is strained. It extends coverage under the policy without limitation to relatives of the insured—and without reference to age, circumstances, negligence or lack thereof. It would be dangerous precedent indeed to extend coverage beyond facts and circumstances that reasonably could have been intended by the parties. Judgment entered in favor of the defendant, State Farm, was therefore proper.

■ As to the liability of Allstate Insurance Company, plaintiff reiterates his argument as it applied to State Farm and in addition, makes the claim of being an in-

sured of Allstate by reason of a provision in the Allstate policy which provides as follows:

1. The following persons are insured under this part:

\*     \*     \*     \*     \*     \*

5. Any other person or organization, but only with respect to his or its liability because of acts or omissions by a person who is insured under any of the four preceding paragraphs; (including relatives and household members of named insureds) provided the automobile is a non-owned automobile, is not owned or hired by such other person or organization.

It is the position of the plaintiff that the Allstate policy ties liability coverage of the third person driving to acts, or admissions, of the Allstate insured who, in this case, was a passenger, one Evan Jones, a minor. Plaintiff cannot claim coverage under the Allstate policy because he owned the vehicle that he was driving and in which Evans was riding. That vehicle did not constitute a use of a non-owned automobile, which ownership and use result in expressed exclusion from policy coverage. The general rule is stated in 12 Couch on Insurance 2d Section 45:64 at p. 154 (1962):

By definition, use requires the exercise of control over the vehicle in some respect, and conversely, does not exist when the person in question has no control.

Plaintiff contends that a fifteen year old passenger (Evan Jones) negligently caused the accident by failing to assist in his operation of the vehicle. That such negligence will be imputed to him, as covering the plaintiff, cannot stand. Under the holdings of cases in point, it has been shown that a passenger owes no duty to the driver of the vehicle, or to the third-party motorist, therefore, cannot be liable for any accident in which the vehicle is involved. *Jackson v. Utah Rapid Transit Co.*, 77 Utah 21, 290 P. 970 (1930); *Hillyard v. Utah By-Products Co.*, 1 Utah 2d 143, 263 P.2d 287 (1953); *Hall v. Blackham*, 18 Utah 2d 164, 417 P.2d 664 (1966). Cases from other jurisdictions reach the same conclusions. *Moya v. Warren*, 88 N.M. 565, 544 P.2d 280 (1975); *Cecil v. Hardin*, 575 S.W.2d 268 (Tenn.1978); *Fugate v. Galvin*, 84 Ill.App.3d 573, 40 Ill. Dec. 318, 406 N.E.2d 19 (1980). Also, Restatement (second) of *Torts* section 315 (1964), as follows:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless:

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection.

The trial court's dismissal of Allstate Insurance Company was also proper, and that order is affirmed.

HALL, C. J., and STEWART, HOWE and OAKS, JJ., concur.