496 So.2d 212 (1986)
Michael W. DIETRICK, Etc., et al., Appellants,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, etc., Appellee.
No. 85-1797.
District Court of Appeal of Florida, Fifth District.
October 16, 1986.
Charles Tindell, Daytona Beach, for appellants.
Martin B. Unger and Elizabeth Croft Jewett, of Taraska, Grower and Unger, P.A., and Orlando, for appellee.
UPCHURCH, Chief Judge.
Appellant Michael Dietrick appeals a final judgment dismissing his second amended complaint with prejudice. Dietrick filed suit against appellee, the Department of Highway Safety and Motor Vehicles, after his daughter was killed by an automobile driven by David Green. The complaint alleged that seventy-nine year old Green, who had numerous moving violations according to the Department's records, lost control of his auto and struck the young girl while she was playing on her lawn. The complaint further alleged that Green's license was suspended on February 19, 1982 but was subsequently reissued without examination on June 8, 1982, approximately six weeks before the tragic accident.
The question presented is whether a cause of action exists against the Department of Motor Vehicles for reissuing a driver's license to an incompetent driver without examination.
We agree with the trial judge that a cause of action does not exist and affirm. See Trianon Park Condominium Assn., Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985); Reddish v. Smith, 468 So.2d 929 (Fla. 1985); Everton v. Willard, 468 So.2d 936 (Fla. 1985); Carter v. City of Stuart, 468 So.2d 955 (Fla. 1985); Hensley v. Seminole County, 268 So.2d 452 (Fla. *213 4th DCA 1972); Cf. Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1985) (local government has duty to warn beach users of inadequate supervision).
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.