[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#129)
On August 8, 1995, the plaintiffs, Robert D. and Linda S. Jacobs, filed an eight count revised complaint against the defendants, Putnam Trust Co. of Greenwich (Putnam) and Thomas K. Barber. Counts one through three allege tortious interference, negligence, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) by Putnam. Counts four through eight allege breach of contract, breach of the covenant of good faith and fair dealing, violation of CUTPA, relief in equity, and fraudulent misrepresentation against Barber. This case arises out of an agreement by Barber to purchase real property from the plaintiffs, which was contingent upon Barber receiving a loan commitment secured by a mortgage before July 21, 1994. The facts as alleged in the complaint are as follows. In early July, 1994, Putnam informed Barber that the loan application filed by Barber and his wife had been approved. Before July 20, 1994, Barber informed Putnam that there were possible inland wetland violations on the property and there was no certificate of occupancy for the pool. Putnam then asked the Barbers to provide an analysis of the costs of remediation. On July 18, 1994, the Barbers informed Putnam that they were not going to furnish the information and asked that Putnam reconsider their application. On July 21, 1994, Putnam denied the application and the Barbers informed the plaintiff that they were unable to procure a loan for the purchase of the property and requested that their deposit be returned. On that same day, the Barbers visited another property to negotiate its purchase. CT Page 506 Putnam then loaned the Barbers the funds necessary to purchase that property.
On August 23, 1995, Putnam filed a motion to strike counts one through three of the plaintiffs' revised complaint. The plaintiffs filed a memorandum of law in opposition to Putnam's motion to strike on September 21, 1995, to which Putnam filed a reply memorandum on October 13, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
Putnam argues that the plaintiffs have not alleged sufficient facts to support a cause of action in tortious interference in that the plaintiffs have not alleged any improper conduct on the part of Putnam. The plaintiffs contend that they have alleged sufficient facts to show improper conduct by Putnam.
"The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendant's knowledge of that relationship, the intent to interfere with it and the consequent actual loss suffered by the plaintiff." (Internal quotation marks omitted.) Beizer v. Goepfert, 28 Conn. App. 693,701, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044
(1992), 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). "Nevertheless, not every act that disturbs a contract or business expectancy is actionable . . . . [F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or CT Page 507 molestation . . . or that the defendant acted maliciously . . . . [A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means . . . . [A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." (Citations omitted; internal quotation marks omitted.) Robert S.Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 535-36,546 A.2d 216 (1988).
The plaintiffs allege that Putnam's conduct in denying the loan application was improper in that: it did not conduct an investigation into the wetlands problem; it knew that Barber was receiving a credit for the certificate of occupancy for the pool; it had received a satisfactory appraisal and credit report; it conspired with the Barbers to deny the application so that the Barbers could rescind the agreement; it determined that the Barbers were financially qualified for the loan yet denied the application for improper reasons; it did not communicate with the Greenwich Inland Wetlands and Watercourse Agency regarding the wetlands violations; it loaned the Barbers $1,000,000 less than one month later without requiring a new application; and it knew that the lack of the certificate of occupancy and inland wetlands issue had no real economic effect on the value of the property.
The plaintiffs have not alleged any tortious actions by Putnam except for conspiracy. The elements of civil conspiracy are: "(1) a combination between two or more persons, (2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." (Internal quotation marks omitted.) Marshak v.Marshak, 226 Conn. 652, 665, 628 A.2d 964 (1993). Nevertheless, the plaintiffs have not alleged any unlawful act or unlawful means employed by Putnam, therefore, the plaintiffs have not sufficiently alleged a civil conspiracy between Putnam and Barber. See Jones v.O'Connell, 189 Conn. 648, 662, 458 A.2d 355 (1983). In addition to conspiracy, the plaintiffs allege numerous other actions of Putnam supporting their contention that Putnam "improperly" denied the loan. These allegations essentially sound in negligence. The plaintiffs have not alleged facts showing that Putnam owed any duty to the plaintiffs to approve the loan.
"The existence of a duty is a question of law." (Internal quotation marks omitted.) Dennison v. Klotz, 12 Conn. App. 570, CT Page 508 577, 532 A.2d 1311 (1987), cert. denied, 206 Conn. 803,535 A.2d 1317 (1988). "The law does not recognize a duty in the air." (Internal quotation marks omitted.) Shore v. Stonington, 187 Conn. 147,151, 444 A.2d 1379 (1982). "A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based upon a `special relationship' between the plaintiff and the defendant . . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. . . . The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised . . . . `Foreseeability' in this context is a flexible concept, and may be supported by reasonable reliance, impeding others who might seek to render aid, statutory duties, property ownership or other factors." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640,646, 638 A.2d 1 (1994).
The facts alleged by the plaintiffs do not show the existence of any special relationship between Putnam and the plaintiffs. The only relationship shown by the facts alleged is one existing between Barber as the applicant and Putnam as the lender. The plaintiffs allege that Putnam was aware of the existence of a contract of sale between Barber and the plaintiffs, however, mere knowledge of the existence of a contract between two parties is not sufficient to create a duty on the part of a third party. The plaintiffs also allege that Putnam did not follow its own rules in determining approval of the loan. Nevertheless, while such regulations may give rise to a duty, that duty cannot run to the plaintiffs who have alleged no relationship with Putnam.
The plaintiffs argue that they are owed a duty by Putnam because the harm they suffered was foreseeable. "A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally `foreseeable' yet for pragmatic reasons, no recovery is allowed . . . . A further inquiry must be made, for we recognize that `duty' is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that a plaintiff is entitled to protection . . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the CT Page 509 ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Citations omitted; internal quotation marks omitted.) RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 386, 650 A.2d 153
(1994).
While Putnam's knowledge of the contract of sale between the plaintiffs and Barber renders the harm suffered by the plaintiffs foreseeable, that foreseeability is dependant upon a relationship between Barber and the plaintiffs, not one between the plaintiffs and Putnam. Therefore, the facts alleged are not sufficient to establish a duty owed by Putnam to the Plaintiffs. It is further decided that because the facts alleged by the plaintiffs are insufficient to support a civil conspiracy or a duty on the part of Putnam, the facts alleged are also insufficient to support a cause of action in tortious interference. Accordingly, Putnam's motion to strike count one is granted.
Putnam has also moved to strike count two alleging negligence against Putnam, on the ground that Putnam owed no duty to the plaintiffs. As discussed above, the facts alleged by the plaintiffs are insufficient to show a duty owed by Putnam to the plaintiffs. Therefore, Putnam's motion to strike count two is granted.
Putnam also moves to strike count three in CUTPA on the ground that a cause of action in CUTPA cannot be based solely upon allegations of negligence. The plaintiffs argue that their CUTPA claim is not only based upon negligence, but is also based upon their allegations supporting tortious interference.
As discussed above, the plaintiff has not alleged facts sufficient to support claims of negligence or tortious interference. Therefore, because the plaintiffs' CUTPA claim is dependant upon the sufficiency of their claims of negligence and tortious interference, Putnam's motion to strike count three of the plaintiffs' complaint is granted. CT Page 510