[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING
This is a civil action claiming breach of contract. On May 29, 1996, the court granted the defendants' motion to strike the complaint dated May 6, 1996, as the plaintiff neither filed a memorandum in opposition to the motion nor appeared to argue in opposition. Nothing further was filed by either party until March 12, 1997, at which time a new appearance for the plaintiff was filed, along with a second amended complaint and a request to file the complaint. On March 19, 1997, an objection to the motion for permission to plead was filed by the defendants, along with a motion for judgment pursuant to § 157 of the Practice Book.
Section 157 of the Practice Book provides that on the granting of a motion to strike, the party whose pleading has been stricken may file a new pleading within fifteen days, and if the party fails to so file, the court "may upon motion enter judgment" against the party. Although there appears to be some authority to the contrary, the greater weight of authority, which I find persuasive, is that a party may attempt to replead beyond CT Page 9460 the fifteen day period specified in § 157 of the Practice Book; otherwise, the language "may upon motion enter judgment" would be redundant. See Dennison v. Klotz, 12 Conn. App. 570, 574-75
(1987). In Dennison, for example, it was error not to allow a repleading several months after a motion to strike had been granted, where the plaintiff requested permission to replead pursuant to § 176 of the Practice Book and more than fifteen days passed without objection. Although the facts of Dennison are different from the facts of the instant case, in that in the case at hand there was timely objection to the § 176 motion, the point remains that where a motion to strike has been granted, "judgment does not enter automatically after the failure to replead during the time period set out in § 157. Since further action is required to obtain judgment, the party against whom judgment is sought may avail herself of the opportunity to request leave to file an amended or substituted complaint pursuant to § 176 at anytime prior to the rendering of judgment." Dennison, supra, at 574-75 (emphasis added).[1] Unless there is an express statute or rule to the contrary, then, the court has the discretion to allow untimely pleadings which are filed prior to any hearing on a motion for judgment.
As the motion for permission to file the amended complaint was filed prior to hearing the motion for judgment, then, the court has the discretion to allow the pleading. In the circumstances of this case, the considerations are very balanced. On the one hand, there was an undeniably long passage of time between the granting of the motion to strike and the filing of the request for permission to replead. On the other hand, the defendants never moved for judgment, as they could have, and time passed equally quickly for each side. Although the ball was surely in the plaintiff's court, at least for the first fifteen days after the granting of the motion to strike, the plaintiff was the first to file a pleading after the dormant period. Although this is a close call, I will allow the second amended complaint to be filed, on the principle that justice is generally better served by decisions on the merits rather than by default. The objection to the request to file is, then, overruled, and the motion for judgment is denied.
Beach, J.