[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff-appellant has filed a notice that a memorandum of decision was lacking in this case under Practice Book § 64-1
(b). This memorandum is filed in compliance with that section.
On June 15, 1999, the court heard argument on the defendant's motion to strike the entire complaint based on nonjoinder. The court announced its decision to grant the motion to strike from the bench in the presence of the plaintiff, Victor Civie.
On July 12, 1999, twenty-seven days later, the plaintiff filed a request for leave to amend the complaint. On July 20, 1999, the defendant moved to strike this request and also moved for judgment based on the plaintiff's failure to replead in a timely fashion. On August 5, 1999, the court entered judgment for the defendant under Practice Book § 10-44. The plaintiff has appealed from this judgment.
Section 10-44 provides that where the court strikes a complaint in its entirety and no new complaint is filed within fifteen CT Page 329 days, the court may upon motion, render judgment against the party that failed to replead. Entry of judgment under § 10-44
is not automatic, however, but is in response to a motion for judgment filed by either party, DiPasquale Construction Corp. v.Zinnert, 14 Conn. App. 63, 67 (1988)
Where a plaintiff whose complaint was stricken files leave to amend belatedly, it is incumbent upon the defendant to object within fifteen days of such filing or, under Practice Book §10-60(a)(3), the amended complaint is deemed "filed by consent," Dennison v. Klotz, 12 Conn. App. 570, 574 (1987).
In that case, the plaintiff requested leave to amend after the fifteen day repleading period had expired. The defendant never objected to this request. Instead, the defendant moved for judgment which was granted by the trial court. Our Appellant Court reversed this ruling because the defendant's failure to object to the request for leave to amend constituted consent to the filing of the amended complaint, Id, 574-75. This filing satisfied the repleading requirement, and the granting of judgment was, therefore, improper, Id.
In contrast to Dennison v. Klotz, supra, the defendant in the present case did timely object to the late filing by the plaintiff. The motion for judgment under § 10-44 was filed before any repleading went into effect. The court granted the defendant's motion for judgment on the basis that the plaintiff had failed to replead as required by § 10-44.
The court was cognizant that the plaintiff acted pro se. However, upon granting the motion to strike for nonjoinder, the court alerted the plaintiff, more than once, about the fifteen day repleading procedure. The court also suggested that the plaintiff consult the pertinent Practice Book Provisions. Despite these warnings, the plaintiff neither repleaded within the time period nor requested an extension of time beyond that period in which to act. Under these circumstances, the defendant was entitled to judgment under § 10-44.
Sferrazza, J.