[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST FOR LEAVE TO AMEND
On May 4, 1998, the plaintiffs, Eric D'Occhio, Andrea Nadeau and Eric D'Occhio, Jr., filed a fifty-one count complaint against the defendants, Jeffrey Bender, Rene Johnpiere, Bruce Marone, James Watson, John D. Stasiunas, Dawn Lantieri and the town of Wolcott. On June 9, 1998, defendants Bender, Johnpiere, Marone, Watson and the town of Wolcott filed a motion to dismiss the counts against them on the grounds that the court lacked personal jurisdiction and insufficiency of service of process. On June 18, 1998, the plaintiffs filed a fifty . . . one count amended complaint seeking to correct the jurisdictional deficiencies. In the amended complaint, the plaintiffs seek money damages for injuries sustained as the result of an automobile accident allegedly caused when Bender, a police officer in the Wolcott police department, pursued a vehicle operated by Stasiunas, causing Stasiunas' vehicle to collide with another vehicle owned and operated by Michael Hall. At the time of the collision, the plaintiffs were passengers in Hall's vehicle.
On July 2, 1998, defendants Bender, Johnpiere, Marone, Watson and the town of Wolcott filed a second motion to dismiss the amended complaint on the grounds that the court lacked personal jurisdiction and insufficiency of service of process. In a memorandum of decision dated September 20, 1999, the court, Doherty, J., granted the motion to dismiss the amended complaint as to Bender, Johnpiere, Marone and Watson only, and denied the motion as to the town of Wolcott. On June 9, 2000, the town of Wolcott filed a motion to strike all counts of the amended complaint asserting claims against the town. On July 6, 2000, the court, Holzberg, J., granted the town's motion to strike in the absence of an objection thereto.
On October 23, 2000, the town of Wolcott filed a motion for judgment in CT Page 12994 its favor as to all claims made against the town in the plaintiffs' amended complaint. On November 27, 2000, the plaintiffs filed a request for leave to amend their complaint pursuant to Practice Book §10-60. On November 29, 2000, the town of Wolcott filed an objection to the plaintiffs' request for leave to amend, arguing that the request is untimely and a motion for judgment has already been filed.
 DISCUSSION
In their objection to the plaintiffs' request for leave to amend the complaint, the town of Wolcott argues that because the original claims for negligence brought under both common law and General Statutes §7-465 were stricken by the court, the plaintiffs are precluded from amending the complaint to replead their claims. The town further argues that because a motion for judgment has been filed in accordance with Practice Book § 10-44, and because § 10-44 requires a substitute pleading to be filed within fifteen days after the granting of a motion to strike, the plaintiffs' request for leave to amend should be denied. In response, the plaintiffs argue that the fifteen-day limitation under § 10-44 is not a requirement for the court to enter judgment, but rather that it is within the court's judicial discretion to do so. In support of their position, the plaintiffs argue, inter alia, that underDennison v. Klotz, 12 Conn. App. 570, 532 A.2d 1311 (1987), cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988), a plaintiff is not barred from filing a substitute complaint after the fifteen days and judgment does not automatically enter. The plaintiffs also argue that under Falbyv. Zarembski, 221 Conn. 14, 602 A.2d 1 (1992), this court should not deny the request for leave to amend absent a sound reason to do so.
Practice Book § 10-44 provides that "[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint." Practice Book § 10-60(a)(3) provides that "a party may amend his or her pleadings . . . at any time subsequent to that stated in [Practice Book § 10-59] . . . [b]y filing a request for leave to file such amendment, with the amendment appended. . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party."[1]
Generally, "[w]hether to grant a request to amend the pleadings is a matter within the discretion of the trial court. . . ." Bauer v. WasteCT Page 12995Management of Connecticut, Inc., 239 Conn. 515, 521, 686 A.2d 481 (1996). "While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." (Citations omitted; internal quotation marks omitted.)Connecticut National Bank v. Voog, 233 Conn. 352, 364, 659 A.2d 172
(1995). "[I]f justice to the party offering [the amendment] requires its allowance, the fact that his adversary objects is an insufficient reason to refuse permission to amend." French v. French, 135 Conn. 542, 548,66 A.2d 714 (1949).
The plaintiffs cite to Dennison v. Klotz, supra, 12 Conn. App. 570, in support of their argument that a party may file a request for leave to amend a pleading after the fifteen day period as set forth in §10-44. In Dennison, the court held that Practice Book § 10-44 "does not preclude an attempt to replead under [Practice Book § 10-60] after the expiration of the fifteen day period following the granting of a motion to strike. [Section 10-44] provides that where no new pleading is filed within the fifteen day period, the court "may upon motion' render judgment against the party whose pleading has been stricken. The use of the phrase "may upon motion' demonstrates that judgment does not enter automatically after the failure to replead during the time period set out in [§ 10-44]." Dennison v. Klotz, supra, 12 Conn. App. 574-75. In its supplemental memorandum in support of the objection, the town argues that Dennison is not applicable because it is distinguishable from the present action. The town argues that in Dennison, the plaintiff was permitted to amend her complaint because the defendant had failed to timely object to the plaintiff's request. Furthermore, the town argues that in Dennison, the defendant did not file a motion for judgment until after the plaintiff had amended the complaint. The town concludes that in the present case, because it objected to the plaintiffs' request and filed a motion for judgment, Dennison is inapplicable and the plaintiffs' request to amend should be denied.
This court finds that Dennison v. Klotz, while factually dissimilar, supports a finding that the plaintiffs in this present action may file a substitute complaint despite the fact that the town objected to their request and previously filed a motion for judgment. Other Superior Court decisions also support such a determination. See Rowlands v. CommodoreCommons Condominium Assoc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063281 (July 8, 1999, Flynn, J.);H B Associates v. Porco, Superior Court, judicial district of CT Page 12996 Hartford-New Britain Housing Session, Docket No. 081464 (April 18, 1997,Beach, J.). The fact that the town has objected to the plaintiffs' request for leave to amend does not, in and of itself, require that this court deny the plaintiffs' request to amend. See French v. French, supra, 135 Conn. 548. Other than the fact that the plaintiffs have filed such a request beyond the fifteen day period as set out in Practice Book § 10-44, the town has failed to offer any additional legal arguments that would warrant this court's denial of the plaintiffs' request. SeeFalby v. Zarembski, supra, 221 Conn. 24 ("unless there is some sound reason for denying permission to amend in order to remedy mispleading, [a request to do so] should be granted"). The filing of a motion for judgment does not preclude the plaintiffs from amending the complaint after the fifteen day period because a "party against whom judgment is sought may avail [itself] of the opportunity to request leave to file an amended or substitute complaint pursuant to [Practice Book § 10-60]at any time prior to the rendering of judgment." (Emphasis added.)Dennison v. Klotz, supra, 12 Conn. App. 575. Thus, the mere filing of a motion for judgment does not preclude the plaintiffs from filing a request for leave to amend the complaint.
In light of the foregoing, and in the interest of justice, the town's objection to the plaintiffs' request for leave to amend is overruled and the motion for judgment is denied.
CHASE T. ROGERS SUPERIOR COURT JUDGE