[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a motor vehicle accident that allegedly occurred on October 19, 1999. The operative complaint filed by the plaintiffs, Robert Choquette and Marita Choquette, is dated October 17, 2001 and contain four counts. The first count is labeled "negligence," and the plaintiffs allege in that count that Robert Choquette was traveling on a motorcycle northbound on Wilton Road in Westport when the defendant administrator's decedent, John T. Kelly, who was traveling southbound on said road, "made a left turn onto Rice's Lane directly in the path of Robert Choquette violently striking the plaintiff, Robert Choquette, and causing him to be thrown from his motorcycle into the air and violently to the ground." It is further alleged in this count that as a result, Robert Choquette sustained severe personal injuries which were caused by the negligence of Kelly, now deceased. The third count alleges recklessness and seeks enhanced damages pursuant to General Statutes § 14-295. The fourth count is by the injured plaintiff's wife, Marita Choquette, and alleges loss of consortium.
The second count, which is the subject of a motion to strike by the defendant administrator, incorporates the allegations of count one and further alleges that after the accident, the defendant's decedent exited his vehicle, looked at the plaintiff lying injured on the ground, got back in his car and left the scene of the accident without rendering assistance to the plaintiff, or summoning assistance for him. It is further alleged in this count that the defendant's decedent thereby violated General Statutes § 14-224, the evasion of responsibility law, which requires that a person involved in a motor vehicle accident must stop and render such assistance as may be needed, and further provides for imprisonment and monetary fines for a violation of said statute. The plaintiffs also allege in this count that Kelly's conduct delayed the injured plaintiff's receipt of medical attention and thus exacerbated his injuries "in one or more of the following respects: a. Increased emotional disturbance; b. Nightmares; c. Anger; d. Fear; e. Flashbacks." CT Page 3025
The defendant has moved (#143) to strike this second count of the plaintiffs' amended complaint as authorized by Practice Book § 10-39
because: (1) the negligent failure to render post-accident assistance is not a recognized cause of action based on Gryzs v. Connecticut Corp.,123 Conn. 605, 609, 198 A. 259 (1938); (2) there is no private right to enforce a criminal statute like General Statutes § 14-224 which pertains to evasion of responsibility; (3) the plaintiffs do not allege that Kelly's conduct caused further or increased bodily harm to the injured plaintiff, and any such injuries were not reasonably foreseeable and did not occur in any event; and (4) the plaintiffs do not allege the requisite elements of a cause of action for the "unintentional infliction of emotional distress," including that a defendant must realize that his conduct involves an unreasonable risk of causing emotional distress.
In opposing the motion to strike, the plaintiffs contend that: (1) they stated a proper cause of action by alleging the violation of a motor vehicle statute, General Statutes § 14-224, prohibiting evasion of responsibility, that such violation constitutes negligence per se, and that said violation was a proximate cause of the plaintiff's injuries; (2) there is a common law duty to exercise reasonable care to prevent further harm, including exacerbating the original harm; and (3) the plaintiffs set forth the proper elements of a cause of action for the negligent infliction of emotional distress as outlined in Montinieri v.Southern New England Telephone Co. 175 Conn. 337, 345, 398 A.2d 1180
(1978).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . ., to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
The court believes that the plaintiffs have set forth a cognizable cause of action in the second count of their complaint. Leaving the scene of the accident is claimed by the plaintiffs to constitute negligence, both common law and statutory, and they further allege that it was reasonably foreseeable that such negligence could cause increased CT Page 3026 damages, including the negligent infliction of emotional distress. When construed in the light most favorable to the plaintiffs, the allegations in the second count set forth a legally sufficient cause of action sounding in negligence, but based on a different duty than was set forth in the first count.
Although no precise appellate precedence in this state could be located, W. Prosser W. Keeton on Torts (5th Ed. 1984), § 56, p. 375, states that while no person is "required to play the part of Florence Nightingale and bind up the wounds of a stranger who is bleeding to death," there is an exception where "the defendant's own negligence has been responsible for the plaintiff's situation, a relation has arisen which imposes a duty to make a reasonable effort to give assistance, and avoid any further harm." Id., 377. The authors went on to state that: "[i]n a few states (referring to West Virginia, South Carolina and California), `hit and run driver' statutes have been construed to result in civil liability for failure to stop and aid a person injured in an automobile accident. . ." Id.
In addition, the Restatement (Second) of Torts § 322 is entitled "Duty To Aid Another Harmed By Actor's Conduct," and provides that: "[i]f the actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the action is under a duty to exercise reasonable care to prevent such further harm." The comments to this section include subsection "b," which provides that: "[t]he words `further harm' include not only an entirely new harm due to the dangerous position in which the other has been placed by the actor's tortious act . . ., but also any increase in the original harm caused by the failure to give assistance . . ., and any protraction of the harm which prompt attention would have prevented." Moreover, it is stated in subsection "e" that: "[t]he rule stated in this Section expresses a duty of affirmative action imposed upon the actor because his tortious or innocent conduct has rendered the other helpless. The rule is not an extension of the principle of `legal cause' nor an extension of the doctrine of `last clear chance.'"
In Dennison v. Klotz, 12 Conn. App. 570, 582, 532 A.2d 1311, cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988), the court recognized the viability of "Section 322 [of the Restatement (Second) of Torts which] rests on the premise that the defendant, by conduct or by an instrumentality under his control, inflicted harm on the plaintiff." The section was deemed inapplicable in Dennison, however, only because "there was simply no act by either defendant passenger which inflicted harm on the plaintiff's decedent. . ." Id., 581. CT Page 3027
The defendant cites Grzys v. Connecticut Company, supra, 123 Conn. 605, as authority that the second count cannot survive a motion to strike, but that case, which involves the propriety of a jury charge, is in a different procedural posture than the present case. The trial court in that case charged that the jury could consider the fact that a bus driver did not stop to render assistance to an injured plaintiff, but rather evaded responsibility "in passing upon the question of whether [the bus driver] had `guilty knowledge of a collision having occurred." Id., 609. The trial court in that case pointed out to the jury that the plaintiffs were not claiming that the failure to stop and assist the injured plaintiff was a proximate cause of the collision itself, because obviously such conduct only took place after the impact. The Connecticut Supreme Court found no error the trial court's charge to the jury. In like manner, the plaintiffs in this case are not claiming that Kelly's failure to stop and render assistance caused the collision, but rather that the defendants decedent, Kelly, who allegedly caused the collision, had a duty to stop, to give reasonable assistance and to avoid further harm.
Thus, the motion to strike the second count is denied.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of March, 2002.
William B. Lewis, Judge T.R.