[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
The defendant, Town of Cromwell, filed the instant motion to strike (#110) on July 27, 2001, claiming that the first and second counts of the plaintiff's Amended Complaint, dated July 12, 2001, fail to allege facts sufficient to state a claim upon which relief can be granted. Specifically, as to the first count, the defendant claims that the plaintiff has failed to sufficiently establish that the road in question is a public road and, as to the second count, that the plaintiff has failed to allege sufficient facts to establish an easement. CT Page 2903
"[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). "[The court] must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly [provable] under them. Dennison v.Klotz, 12 Conn. App. 570, 577, 532 A.2d 1311 (1987). "Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically. . . ." (Citation omitted.) Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." Id.
Taking the allegations in counts one and two in the light most favorable to the plaintiff, the allegations contained in the first and second count are legally sufficient. Accordingly, for the foregoing reasons, the motion to strike (#110) is hereby denied.
It is so ordered.
BY THE COURT:
Arena, J.