[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants, New Britain General Hospital and Antoinetta Capriglione, M.D., have moved to strike Counts Three and Four of the Plaintiffs' Second Amended Complaint dated August 16, 1999 for failing to state a cause of action.
Allegations of the Complaint and Procedural History
This is a medical malpractice action brought by Jeffrey and Michelle Clark arising out of a circumcision performed on their infant, Jonathan Clark, on July 18, 1997. The procedure was performed by the child's pediatrician, Thomas Ward, M.D., a defendant in a companion case. The claim against the hospital is that it was negligent in its credentialing and supervision of Dr. Ward.
In Counts Three and Four the plaintiff parents attempt to assert an action to recover for their emotional distress caused by the alleged malpractice suffered by their son. They allege that the defendants should have known that emotional distress, if it were caused, might result in injury or bodily harm to the parents of Jonathan Clark. CT Page 5959
The defendants moved to strike these Counts previously on the grounds that Connecticut does not recognize bystander emotional distress in a medical malpractice action and that the parents failed to allege an essential element for bystander emotional distress under Clohessy v.Bachelor, 237 Conn. 31, 675 A.2d 852 (1996). On July 6, 2001, Judge Shapiro denied the motion after finding that the allegations did not invoke a claim of bystander emotional distress, but rather negligent infliction of emotional distress. However, he declined to rule on whether of not the allegations sufficiently stated a cause of action for negligent infliction of emotional distress.
Discussion of the Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp.,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
In an action for negligent infliction of emotional distress the plaintiff must show the necessary elements of negligence. Montinieri v.Southern New England Tel. Co., 175 Conn. 337, 341, 398 A.2d 1180 (1978) The elements of a cause of action alleging negligence are: duty, breach of that duty, causation and actual injury. R.K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Mendillo v. Board of Education,246 Conn. 456, 483, 717 A.2d 1177 (1998).
The problem with the analysis of the Third and Fourth Count as attempting to state a cause of action for negligent infliction of emotional distress is that the alleged malpractice was committed against CT Page 5960 Jonathan Clark, not against his parents. The Supreme Court in Barrett v.Danbury Hospital, 232 Conn. 242, 654 A.2d 748 (1995) held that in order for Montinieri to apply, the plaintiff himself must be in danger or at risk. In affirming a summary judgment in favor of the defendant, the Supreme Court stated:
 The plaintiffs have offered no evidence whatsoever, beyond mere assertion, to suggest that Barrett was placed in any risk as a result of the alleged negligence of the hospital. We cannot conclude, therefore, that the emotional distress experienced by the plaintiffs arose out of circumstances such that "`the defendant[s], or [their] agents or servants, should have realized that [their] conduct involved an unreasonable risk of causing the distress. . . .'" Montinieri v. Southern New England Telephone Co., supra, 175 Conn. 341.
232 Conn. at 261.
Regardless of the manner in which the plaintiffs have attempted to couch the language of the Third and Fourth Counts, they cannot state a cause of action for Negligent Infliction of Emotional Distress because the plaintiffs themselves were not placed in any risk. Rather, the Third and Fourth Counts attempt to state a cause of action for bystander emotional distress.
The Connecticut Supreme Court held that there is no cause of action for bystander emotional distress in medical malpractice actions. Maloney v.Conroy, 208 Conn. 392, 393, 545 A.2d 1059 (1988). In Maloney, one of the plaintiffs brought suit for the emotional distress she suffered as a result of watching her mother be the subject of medical malpractice. The Court stated " . . . a bystander to medical malpractice may not recover for emotional distress." Id. at 393. In the case at bar, the parents are alleging emotional distress of the precise type not allowed in Maloney.
The allegations of Counts Three and Four also fail to state a cause of action for bystander emotional distress as recognized in Clohessy v.Bachelor, 237 Conn. 31, 675 A.2d 852 (1996) where the Court held that in cases alleging bystander emotional distress, certain necessary elements must be pled.
 "[A] bystander may recover damages for emotional distress under the rule of reasonable forseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injured victim, CT Page 5961 such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response."
237 Conn. at 56 (1996).
The plaintiffs have not pled a "contemporaneous sensory perception" of the alleged event, nor that they arrived on the scene soon after the event before a substantial change in condition or location occurred. Further, they have not pled that the physical injury resulted in their son's death or was otherwise serious. Finally, the plaintiff parents have not pled the emotional distress was severe and debilitating.
The plaintiffs cannot avoid the rule of Clohessy and Maloney by attempting to characterize these claims as something other than claims for bystander emotional distress. For the foregoing reasons, Counts Three and Four are ordered stricken,
By the court,
Aurigemma, J.