[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE COUNT II OF THE PLAINTIFF'S COMPLAINT
In a four-count, Revised Complaint dated November 8, 2002, the plaintiffs allege that they suffered injuries and loss of consortium as a result of a motor vehicle collision with the defendant on August 13, 2000. The defendant moves this court to strike Count II of the complaint for the reason that it fails to state a legally cognizable claim for common law recklessness. Of note, the plaintiffs have alleged statutory recklessness in Count III, which the defendant has not moved to strike.
Standard
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127
(1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308
(1997). Facts alleged in the complaint must be construed in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last,236 Conn. 670, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them. Dennison v. Klotz, 12 Conn. App. 570,577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader.Norwich v. Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986).
 DISCUSSION
In Count II of their complaint, the plaintiffs provide no factual basis beyond that provided in Count I, which is premised on negligence, to CT Page 3667 support their claim for common law recklessness. The specifications of reckless conduct contained in Count II, in essence, are also contained in Count I. The only difference is that the plaintiff alleges that the defendant operated her motor vehicle deliberately or recklessly. These assertions do not satisfy the requirements of pleading common law recklessness. Recklessness requires "a state of consciousness with reference to the consequences of one's acts . . . It is more than negligence, more than gross negligence . . . The state of mind amounting to recklessness may be inferred from conduct. But in order to infer it there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.)Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). Such "conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Elliott v.Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998). The plaintiff's second count states no factual basis to demonstrate that the defendant's actions were performed with a reckless indifference to the interests of others. See: Ames v. Sears Roebuck Co., 8 Conn. App. 642, 655, 514 A.2d 352
(1986). "A plaintiff cannot transform a negligence count into a count of wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford,12 Conn. App. 106, 110, 529 A.2d 743 (1987).
Because Count II of the plaintiff's complaint fails to meet the factual threshold of a claim in common law recklessness, the defendant's Motion to Strike Count II is granted.
 By The Court, Wolven, Judge
CT Page 3668