[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, the City of Hartford ("Hartford"), has moved to strike the Seventh Count of the Fourth Revised Complaint on the grounds that Complaint fails to allege sufficient facts to state a cause of action for negligence.
Statement of Facts
The Fourth Revised Complaint alleges that on August 8, 1997, Karol Cortes attended a day camp organized and operated by the defendant Mi Casa Family Services and Educational Center, Inc. ("Mi Casa"). At about 5:00 p. m. on that date, Cortes boarded a van owned by Mi Casa and operated by Mi Casa' s agent, servant and/or employee, the defendant Felix Rodriguez. This van was to take Cortes to her home located at 70 Hamilton Street in Hartford, Connecticut.
The plaintiff alleges that Rodriguez drove the van to Hamilton Street, and once there, he turned onto the street and proceeded in an easterly direction. The van continued in this direction until it arrived across the street from Cortes' home. Once there, Rodriguez stopped the van and Cortez disembarked. Rodriguez instructed Cortes to walk around in front of the van so that she could make her way across the street to her home. As instructed, Cortes proceeded to cross the street. As she reached and crossed the center line of the Hamilton Street, however, an automobile driven by the defendant, Edelmiro Soto, went around the stopped van in an attempt to continue to travel in an easterly direction on the street. But Soto, in his attempt to go around the van, allegedly drove his vehicle into the westbound or oncoming travel lane, and collided with Cortes. This collision caused Karol Cortes to suffer fatal injuries.
As a result of the foregoing, the plaintiff commenced this action against the numerous defendants, including the defendant City of Hartford. In the Seventh Count the plaintiff alleges that Hartford operates a Youth Services Division, which works with the defendant, in organizing and implementing programs for children and young adults. The plaintiff further alleges that Hartford, through this Youth Services Division, "established and developed the youth program that Cortes participated in at Mi Casa." The CT Page 7145 plaintiff also alleges that Hartford established the transportation services that were provided for by Mi Casa.
The Seventh Count alleges acts of negligence against Hartford which are identical to those alleged against Mi Casa in the Fourth Count. For example, it alleges that Hartford was negligent:
 a. In that it failed to install the necessary markings on the van used to transport young children to and from Mi Casa Family Services and Educational Center, Inc. activities;
 b. In that it failed to install the necessary warning devices on the van used to transport young children to and from Mi Casa Family Services and Educational Center, Inc. activities;
 c. In that it failed to use a van to transport young children to and from Mi Casa Family Services and Educational Center, Inc. activities which had clear windows to allow other motor vehicle operators to see the passengers within the motor vehicle;
 d. In that it failed to adequately train its van operators in the proper manner to drop off children at their homes.
The First Count alleges that Mi Casa owned the van in question and employed the driver of the van. There is no allegation that Hartford had any control of or interest in the van or any control over the driver.
Discussion of Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahi Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp. ,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts CT Page 7146 necessarily implied by and fairly probable under them. Dennisonv. Klotz, 12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the maimer most favorable to the pleader.Norwich v. Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986).
"Negligence is a breach of duty." (Internal quotation marks omitted.) Dennison v. Klotz, 12 Conn. App. 570, 577,532 A.2d 1311, cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988). "A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a `special relationship' between the plaintiff and the defendant. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted; internal quotation marks omitted.) Burns v. Board ofEducation, 228 Conn. 640, 646, 638 A.2d 1 (1994). It is generally beyond dispute that "[u]nless some relationship exists between the person injured and the defendant, by which the latter owes a duty to the former, there can be no liability for negligence."Neal v. Shiels, Inc., 166 Conn. 3, 12, 347 A.2d 102 (1974).
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty and the specific person to whom it is owed, are determined by the circumstances surrounding the conduct of the individual." (Internal quotation marks omitted.) Lodge v. Arett Sales Corporation, 246 Conn. 563,571, 717 A.2d 215 (1998). "[T]he determination of whether a duty exists between individuals is a question of law . . . Only if a duty is found to exist does the trier of fact go on to determine whether the defendant has violated that duty." (Citations omitted; internal quotation marks omitted.) Id.; Petriello v.Kalman, 215 Conn. 377, 382, 576 A.2d 474 (1990).
The only factual allegation which connects Hartford to Mi Casa and its van and driver are the allegations that Hartford "through the Youth Services Division established and developed the youth program which Karol Cortes participated in at Mi Casa, including the transportation services provided by Mi Casa." ¶ 23. Those allegations are insufficient to create any factual nexus CT Page 7147 between Hartford and the van and driver. Nothing else in the Complaint creates such nexus. On the contrary, the Complaint alleges that Mi Casa, a non-profit corporation, owned the van and Rodriguez, the van's driver, was employed by Mi Casa. Absent an allegation that Hartford owned or controlled the van or controlled the driver, there could be no duty by Hartford to anyone, like Karol Cortes, who allegedly suffered harm as a result of some defect in the van or wrongdoing by the van driver.
For the foregoing reasons the Motion to Strike the Seventh Count is granted.
By the court,
Aurigemma, J.