[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Dean's Stove Spa, Inc., has moved to strike the Second Count of the Amended Revised Complaint dated December 22, 1999 (the "Complaint") and portions of the plaintiffs' claims for relief insofar as that count fails to state a cause of action upon which relief can be granted.
Factual Background
The Complaint alleges that on or about November 22, 1997 the plaintiffs purchased a coal stove from the defendant, Dean's Stove Spa, Inc., the stove was negligently installed on December 18, 1997 and they suffered personal injuries from carbon monoxide poisoning on January 7, 1998. The Complaint outlines specific problems with the installation of the stove in paragraph seven of the First Count including that the "horizontal smoke pipe was not pitched upward towards the chimney at least one-quarter of an inch for each foot of horizontal run causing CT Page 3742 the fumes of burning coal to be released into the home of the plaintiffs," ¶ 7(b.), and "there was less than an eighteen inch clearance between the horizontal piping and the combustible ceiling causing the fumes of burning coal to be released into the home of the plaintiffs." ¶ 7(c.). The only other substantive allegations of negligence contained in the First Count are that the defendant failed to properly educate its employees in the installation of coal stoves, failed to "obtain proper permits prior to and during installation," ¶ 6(c.), and failed to have the stove "inspected by a building or safety official." ¶ 6(d.).
In the Second Count of the Complaint the plaintiffs incorporate by reference all of the paragraphs of the First Count and add the following:
 12. The defendant's actions as mentioned aforesaid constitutes reckless, willful and wanton disregard for the plaintiffs' safety as the defendant's actions placed the plaintiffs at risk of serious injury and/or death.
Discussion of Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp.,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennisonv. Klotz, 12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader.Norwich v. Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986).
The allegations in the Second Count offer no factual basis for showing that the defendant's conduct was of an evil nature or performed with reckless indifference to the interest of the plaintiffs. See Ames v. Sears. Roebuck Co., 8 Conn. App. 642, CT Page 3743 655, 514 A.2d 352, cert. denied, 201 Conn. 809, 515 A.2d 378
(1986). To satisfy a claim of recklessness, the reckless party's acts must be alleged to have been done with a reckless indifference to the interests of others. Id; see also PreferredRemodelers. Inc. v. General Motors Corp., 6 Conn.L.Rptr. 119, 120 (March 4, 1992 Rush, J.), citing Ganim v. Roberts,204 Conn. 760, 763, 529 A.2d 194 (1987).
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence."Brown v. Branford, 12 Conn. App. 106, 110, A. 29 743 (1987).
The plaintiffs have relied on the case of Sullivan v. HoconGas, Inc., No. CV96 33 17 86 So. 1997 Ct. Sup. 7993 (Jul. 16, 1997, Hartmere, J.) where the court stated:
 "It is well established that causes of action for negligence and wilful or malicious conduct are separate and distinct causes of action." (Internal quotation marks omitted.) Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129, 138, 479 A.2d 231 (1984). "There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." Id. While the Connecticut Supreme Court has "attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing." West Haven v. Hartford Ins. Co., 221 Conn. 149, 161 n. 3, 602 A.2d 988 (1992). Each refers to "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988). "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and, simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." Jones v. Albee, Superior Court, judicial district of New Haven at New Haven, Docket No. 349998 (November 3, 1993, Hartmere, J.).
CT Page 3744
1997 Ct. Sup. at 7794-7995.
However the facts of Sullivan are distinguishable from those of the present case. In Sullivan the plaintiffs alleged in their count for reckless and willful conduct that the defendants "knew or should have known that their acts and/or omissions . . . would create a serious danger to others and to their property." In this case there is no allegation that the defendant knew that its failure to properly install the coal stove would create a serious risk that the plaintiffs would suffer from carbon monoxide poisoning. Absent such an allegation there is nothing contained in Count Two except the same allegations of negligent conduct that are alleged in Count One with the conclusory allegation that such conduct "placed the plaintiffs at risk of serious injury and/or death."
For the foregoing reasons the Motion to Strike Count Two is granted. Without Count Two there is no basis in the Complaint for the award of punitive damages. Therefore the plaintiffs' claim for punitive damages is also ordered stricken.
By the court,
Aurigemma, J.