[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Connecticut Coast Fitness Centers, Inc. has moved to strike the entire Revised Complaint of the plaintiff, Yovanny Rizek, on the grounds that the Revised complaint fails to state a claim for which CT Page 3217 relief may be granted.
Allegations of the Complaint
Count One of the Revised Complaint alleges that the defendant materially violated the Health Club Act, Connecticut General Statutes § 21a-216 et seq., in various ways. Count Two alleges that the contract that the plaintiff signed was a promissory note and violated Connecticut General Statutes § 21a-220 (a). Count Three alleges violation of Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110a et seq. (CUTPA) based on the statutory violations alleged in Count One and Count Four alleges violations of CUTPA based on the statutory violations alleged in Count Two.
Discussion of Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahi Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp.,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the maimer most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
The First Count alleges multiple violations of Chapter 420 of the General Statutes, which chapter comprises the Health Club Act. Under Conn. Gen. Stat. § 21a-222, Rizek (and the class members, if this matter is certified) may recover if it is determined that the Contract "is in material violation" of the Act. The statute does not condition the right of action upon a specific material violation within the contract, but rather upon whether the contract itself "is in material violation." Consequently, it is appropriate to view the totality of the violations, rather than each violation in isolation, in determining "materiality" and whether a valid claim has been alleged in the First Count.
The First Count of the Revised Complaint attaches and incorporates the CT Page 3218 contract alleged to have been entered into between the defendant and Rizek and the other class members (the "Contract"). The contents of the Contract are therefore alleged within the Revised Complaint in accordance with Practice Book § 10-29.
Connecticut General Statutes § 21a-221 provides that:
 A health club which intends to commence the sale of health club contracts, shall, prior to commencing sale, compile a list of each piece of equipment and each service which it intends to have available for use by buyers and shall submit a copy of the list to the Commissioner of Consumer Protection. Such list shall be included in any health club contract. . . . [emphasis supplied]
The Revised Complaint alleges that the Contract did not include "a written list of each piece of equipment and each service offered at the facility, as filed with the Department of Consumer Protection ("DCP")."See ¶ 15. The defendant has admitted that it did not list each piece of equipment, but, instead, only listed general descriptions of the type of equipment in the Contract. The defendant argues that the statute does not require such a listing. However, the statute does use the words "each piece of equipment," a phrase which appears to require something more than a list containing a general description of the club's equipment.
The Revised Complaint alleges that the defendant is a Connecticut corporation and that it owns and operates several health clubs in Connecticut. The Contract directs club members at paragraph 5.a to send notice of cancellation to an entity known as "Bally Total Fitness Services", and lists a post office box in Baltimore, Maryland.
Plaintiff has alleged a violation of Connecticut General Statutes § 21a-217, which requires that:
 Every contract for health club services shall provide that such contract may be cancelled within three business days after the date of receipt by the buyer of a copy of the contract, by written notice delivered by certified or registered United States mail to the seller at an address which shall be specified in the contract. [emphasis supplied]
The seller is the defendant Connecticut Coast Fitness Centers, Inc. Construing the facts most favorably to Rizek, as required in ruling upon a motion to strike, the addressee listed in the Contract is not the CT Page 3219 defendant, but rather a third party, Bally Total Fitness Services. The Revised Complaint has alleged a violation of Connecticut General Statutes § 21a-217.
Paragraph 12 of the First Count of the Revised Complaint alleges that the cancellation notice was not placed in the required ten-point type as required by Connecticut General Statutes § 21a-218. The defendant has spent a great deal of time explaining that the cancellation notice is in bold print, but has failed to address the issue of the ten point print requirement.
The most serious violation pled in Count One is the Contract's inclusion of an illegal automatic renewal clause. The contract provides on the Front Side: "Your membership plan is renewable (initial term is one month)." At paragraph 21, the Contract provides: "Monthly dues will continue to be due each month regardless of your use of the club until you notify us in writing that you wish to cancel this Contract." Thus, the Contract renews, automatically, unless Rizek or the other class members take affirmative steps to cancel it.
Construed in a manner most favorable to the plaintiffs, such an automatic renewal clause is illegal under Connecticut General Statutes § 21a-219 (b), which provides:
 No contract shall contain an automatic renewal clause but may provide a renewal option for continued membership which must be accepted by the buyer in writing and may become effective only upon payment of the renewal price.
Based on the foregoing, the plaintiff has plead sufficient facts which, if proved, could permit a trier of fact to conclude that the Contract was "in material violation" of the Health Club Act. Therefore, the Motion to Strike the First Count is denied.
The Second Count is brought on behalf of the plaintiff and a sub-class of individuals whose contracts were in the form of a promissory note. Two separate violations are alleged. The first violation is the Contract's failure to include the language required by Connecticut General Statutes § 21a-220 (a) that the Contract can be sold or discounted to a third party to whom the buyer will become obligated to make full payment. This requirement applies only to negotiable promissory notes. The second alleged violation pertains to a provision within the statute applicable to all promissory notes, whether negotiable or not. That provision states that: "When a buyer's obligation is in the form of a promissory note, the time for payment of the note shall not exceed the duration of the Health CT Page 3220 Club Contract."
Connecticut General Statutes § 42a-3-104 provides in pertinent part:
 "[N]egotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
 (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
(2) Is payable on demand or at a definite time; and
 (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.
The Contract is not a negotiable instrument within the meaning of § 42a-3-104 (a). Therefore, it was not necessary that the defendant comply with that portion of § 21a-220 which applies to negotiable instruments and the portion of the Second Count which alleges such noncompliance is hereby ordered stricken.
The Contract has two payment components, a membership fee and dues. The membership fee in the amount of $1,563 is payable at sixteen and seven tenths percent (16.7%) interest over a period of twenty-four months. Construed in a manner most favorable to the plaintiffs, the Contract has an initial duration of only one-month. The Contract includes the promise of Rizek and the other class members to pay the Membership fee over time. It is a promissory note having a duration of twenty-four months. This period exceeds the duration of the contract, which is one month. Therefore, the Revised Complaint does state a cause of action for a violation of § 21a-220.
The defendant challenges the validity of the Third Count, which asserts claims under CUTPA for the defendant's violations of the Health Club Act. Any violation of the Health Club Act is deemed a violation of CUTPA, regardless of materiality. It is also true, however, that CUTPA CT Page 3221 requires that a plaintiff have an ascertainable loss to bring a private cause of action.
The Supreme Court has adapted a very broad definition of "ascertainable loss" as follows:
 Under CUTPA, there is no need to allege or prove the amount of the ascertainable loss. To satisfy the "ascertainable loss" requirement, a plaintiff need prove only that he has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which he bargained. This approach is in keeping with the remedial aims of the statute and will ensure that the private civil action established by the statute will remain a meaningful avenue of redress for consumers who have been the victims of unfair or deceptive trade practices.
Hinchliffe v. American Motors Corp., 184 Conn. 607, 612 (1981).
In Hinchliffe, the Supreme Court expressly rejected the defendant's contention that actual, provable damages were required to maintain a cause of action under CUTPA. It is enough if the consumer received something different from what had been bargained for. See Id. The plaintiffs have alleged that they bargained for a contract which complied with the Health Club Act and did not receive it. Rizek has alleged that she is obligated to make payments under the Contract long after the period of the Contract expires and that her Contract automatically renews, in violation of the Health Club Act. Therefore, she has alleged an ascertainable loss. The Motion to Strike the Third Count is denied
The Fourth Count alleges a cause of action under CUTPA based on violations of the Health Club Act alleged in the Second Count. The primary ascertainable loss for the subclass, as with the class as a whole, is that they have been sold health club contracts containing terms that differ from those permitted by the Health Club Act. The most significant additional ascertainable loss is that the Contracts provide for the payment of interest over a period of more than one month. Here again, the Plaintiff has pled an ascertainable loss.
Since this court has held that the Contract is not a negotiable instrument, the portion of the Fourth Count which alleges a CUTPA violation based on a violation of § 21a-220 in that the Contract fails to contain language that the "buyer's promissory note may be discounted and sold to third parties to whom the buyer will become CT Page 3222 obligated to make full payment" is ordered stricken. The Motion to Strike is denied with respect to the allegations of the Fourth Count that the Contract violates § 21a-220 in that the plaintiffs' obligations are in the form of a promissory notes, and the time period for payment of the notes exceeds the duration of the health club contract.
By the court,
Aurigemma, J.